.THOMAS E. MILLER *v.* AARON JAMES ET AL.

**Demurrer—Defense to Action on Note—Pleading.**

> Where the facts, in an answer to a suit on a note, show it to have been given in consideration of a half interest in a business, and that the plaintiff had made no settlement of the partnership affairs, which was in liquidation, it is sufficient to constitute a good defense, and a demurrer thereto should be overruled.

APPEAL FROM MERCER CIRCUIT COURT.

September 16, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Whilst the first paragraph of appellant's answer is obscured by frequent repetitions, and redundant matter, and thereby vexatiously extended, still, the statements therein, that in the execution of the note sued on, there was a mistake of two hundred, or two hundred and fifty dollars, and a prayer for a correction of the mistake, are visible amidst the great confusion that prevails in the paragraph and it is moreover stated that at the time the note was executed the appellant, and appellee Aaron James entered into a co-partnership for the manufacture, and vending carriages, and buggies, and repairing such vehicles, and that said note was executed in part for stock in trade put into the business by said James, and that he had received considerable amounts of money belonging to the firm after its commencement for sales of carriages, repairs, etc., over and above his part sufficient to satisfy and discharge said note, and that there were partnership debts outstanding against the firm which the partners would be compelled to settle; and sought a settlement of the firm business, which it is alleged was unsettled, although the partnership was dissolved, and no settlement had ever been made, and moved to have the case transferred to the equity docket for that purpose.

These are material facts constituting a good defense to the action, and if true as admitted by the demurrer entitled appellant to relief against the note; consequently the demurrer was improperly sustained.

As to the second paragraph of the answer, the whole seems to contain but one defense to the action, and as such could not have been divided into more than one paragraph, and retained its meaning and sense, consequently, it was improperly suppressed for the failure of appellant to divide said second paragraph into more paragraphs and number them.

Wherefore, the judgment is reversed and the cause remanded, with directions to overrule the demurrer to the first paragraph of the answer, to set aside the order suppressing and striking out the second paragraph. That the irrelevant redundant matter in the answer be stricken out at the cost of appellant, and for further proceedings consistent herewith.

*J. D. Hardin,* for appellant.

*J. B. Thompson,* for appellee.